# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WORLD WATER WORKS HOLDINGS, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 17 CV 5237 |
| CONTINENTAL CASUALTY CO. and ANTHONY W. BESTHOFF, JR., | ) ) ) ) | Judge John J. Tharp, Jr. |
| Defendants. | ) | |

--------------------------------------------------------------------------------

| | | |
|---|---|---|
| CONTINENTAL CASUALTY CO., | ) ) | |
| Counter-Claimant, | ) ) | |
| v. | ) ) | |
| WORLD WATER WORKS HOLDINGS, INC., | ) ) ) ) | |
| Counter-Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

In March 2017, a shareholder derivative lawsuit was filed in federal court in New Jersey against World Water Works Holdings, Inc. ("World Water") and three individual members of its board of directors. At the time, World Water was covered by a liability insurance policy issued by Continental Casualty Co. ("Continental"). World Water asserts that, under the policy, Continental has a duty to defend that lawsuit, while Continental denies that it has any such duty. Accordingly, World Water brought this action against Continental, seeking, among other things, a declaratory judgment that Continental has a duty to defend the shareholder suit. Both World Water and Continental have moved for summary judgment. Continental has also filed a motion for judicial notice, asking this Court to take judicial notice of various documents relevant to the New Jersey

lawsuit. For the reasons that follow, both of Continental's motions are granted, and World Water's motion is denied.

## BACKGROUND

In 1998, World Water Works, Inc. ("WWW, Inc.") was founded by Mark Fosshage. *See* Continental Casualty Company's Local Rule 56.1 Statement of Undisputed Material Fact ("DSOF") ¶ 19, ECF No. 49. The company is in the business of wastewater treatment. Fosshage's father, James Fosshage, was a founding investor in WWW, Inc. and so was given a seat on its board of directors. *See id.* ¶¶ 20-21.[1] Mark Fosshage served as the initial president and CEO of the company. In 2011, World Water was formed as a separate legal entity and became the holding company for WWW, Inc. *See id.* ¶ 22. Around the same time, three other individuals—Prashant Mitta, Ravi Reddy, and Ravishankar Tumuluri—became involved with World Water, and ultimately became directors on World Water's board. A dispute later arose between these three individuals and the elder Fosshage over the direction and management of the company. *Id.* ¶ 29. In 2016, these individuals removed Mark Fosshage from his role as president and CEO of World Water. *Id.* ¶ 24. The elder Fosshage, however, remains a member of the World Water board.

From July 21, 2016, to July 21, 2017, World Water was covered by a liability insurance policy issued by Continental. That policy had a provision that is known as the insured versus insured exclusion ("IVI Exclusion"). The language in the policy setting out the IVI Exclusion contained a general exclusion from coverage and then provided that "this exclusion shall not apply" to a series of seven circumstances. The general exclusion and the first of those limitations read as follows:

---

[1] It appears to be undisputed that James Fosshage also became a member of World Water's board when that entity was created, though the Court could find no specific confirmation of this fact in the summary judgment record.

2

> The Insurer shall not be liable to pay any Loss under this Coverage Part in connection with any Claim made against any Insured:
>
> . . .
>
> 2. Claims by Insureds
>
> by or on behalf of any Insured in any capacity provided, however that this exclusion shall not apply to:
>
> > a. any Claim brought derivatively on behalf of the Insured Entity provided that such Claim is brought and maintained solely by persons acting independent of and without the solicitation, assistance, active participation or intervention of the Insured Entity or any Executive (unless such solicitation, assistance, participation or intervention is Whistleblower Activity)[.]

Ex. A, Directors & Officers Liability Coverage Part 1-2, ECF No. 64-1. The other six limitations on the applicability of the exclusion—which are not relevant to this case—were separately listed in subparagraphs marked with the letters (b) through (g). *See id.* at 2.

On March 2, 2017 (*i.e.*, during the policy period), Anthony Besthoff, a shareholder of World Water, filed a lawsuit in the U.S. District Court for the District of New Jersey. The full title of that lawsuit is *Anthony W. Besthoff, Jr., derivatively and on behalf of World Water Works Holdings, Inc. v. Prashant Mitta, Ravi Reddy, Ravishankar Tumuluri, and World Water Works Holdings, Inc.*, No. 2:17-cv-01449-JMV-MF (D.N.J. Mar. 2, 2017). The *Besthoff* lawsuit is a stockholder derivative action against Mitta, Reddy, and Tumuluri as individual directors, along with World Water as a nominal defendant. *See* Verified Shareholder Compl. and Jury Demand ¶ 1, ECF No. 35-1. The core allegation in the lawsuit is that the defendants created various corporate entities in India (the "India Operations"), which were later spun off as independent companies. According to the *Besthoff* complaint, Mitta, Reddy, and Tumuluri simultaneously held dual roles as members of World Water's board and owners of the India Operations. *See id.* The complaint further alleges that these defendants took various actions in their capacity as World Water directors that were to the detriment of World Water and for the sole benefit of the India Operations. Besthoff

thus brought claims against all three individual defendants for breach of fiduciary duty and waste of corporate assets, and against Mitta for unjust enrichment and tortious interference with contract. *Id.* ¶¶ 112-30.

After Besthoff filed this complaint, World Water tendered the *Besthoff* action to Continental, seeking defense coverage under the terms of its insurance policy. On May 3, 2017, Continental denied this request for coverage and refused to defend World Water in the *Besthoff* action, on the basis that it fell within the IVI Exclusion. Ex. C, ECF No. 64-3. A representative of World Water subsequently spoke with Continental and conveyed that World Water disagreed with this assessment, leading Continental to review its coverage obligations. In a letter dated August 25, 2017, Continental concluded, again, that it had no duty to defend the lawsuit. It nevertheless agreed to defend the *Besthoff* suit, but did so subject to a full reservation of rights, including the right to seek recoupment of "Defense Costs" as defined by the policy. Ex. D, ECF No. 64-4. Finally, on October 6, 2017, Continental revised its position one more time. It withdrew its claim that it had the right to seek recoupment—but continued to represent that it reserved all other rights under the policy and at law. Ex. E, ECF No. 64-5.

World Water filed this complaint against Continental in July 2017, with Besthoff also included as a nominal defendant.[2] World Water seeks a declaratory judgment that Continental has a duty to defend the individual defendants in the *Besthoff* action and to reimburse World Water for all amounts it has incurred in defending that action. In addition, World Water asserts that

---

[2] Jurisdiction in this case is based on diversity. World Water is a Delaware corporation with its principal place of business in Oklahoma. Continental is an Illinois corporation with its principal place of business in Illinois. Besthoff is alleged to be a citizen of Massachusetts. Finally, the amount in controversy is plausibly alleged to exceed $75,000. *See* Am. Compl. ¶¶ 3-6, ECF No. 35. Because jurisdiction exists on this ground, 28 U.S.C. § 2201 provides that the Court "may declare the rights and other legal relations of any interested party seeking such declaration" in this action.

4

Continental is liable for breach of contract and for bad faith. Continental responded by bringing a counterclaim against World Water, seeking a declaratory judgment that it has no duty to defend or indemnify World Water. Both Continental and World Water have moved for summary judgment. Continental has also filed a motion for judicial notice, asking the Court to take judicial notice of a number of the filings in the *Besthoff* case and other documents relevant to that lawsuit.

**DISCUSSION**

A court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In reviewing a motion for summary judgment, the Court "construe[s] all facts and inferences in favor of the nonmoving party." *Love v. JP Cullen & Sons, Inc.*, 779 F.3d 697, 701 (7th Cir. 2015).

**I.    Duty to Defend**

Both parties agree that the insurance policy in this matter is governed by Oklahoma law. *See* Mem. of Law in Supp. of Continental Casualty Company's Mot. for Summ. J. 6, ECF No. 50; Pl.'s Opp'n to Def. Continental Casualty Company's Mot. for Summ. J. ("Plaintiff's Opposition") 2, ECF No. 64.[3] Under Oklahoma law, a liability insurance policy such as the one at issue in this

---

[3] In diversity cases, federal courts "look to the conflict-of-laws rules of the forum state for the applicable substantive law." *Jupiter Aluminum Corp. v. Home Ins. Co.*, 225 F.3d 868, 873 (7th Cir. 2000). The forum state in the present case is Illinois. When an insurance policy lacks a choice-of-law provision (as the policy at issue in this case does), "Illinois courts employ a 'most significant contacts' test to determine the governing substantive law for the contract." *Id.* The factors that are typically assessed in this analysis are the "location of the subject matter, the place of delivery of the contract, the domicile of the insured or of the insurer, the place of the last act to give rise to a valid contract, the place of performance, or other place bearing a rational relationship to the general contract." *Lapham-Hickey Steel Corp. v. Prot. Mut. Ins. Co.*, 166 Ill. 2d 520, 526-27, 655 N.E.2d 842, 845 (1995) (citation and internal quotation marks omitted). Here, World

case contains two basic duties: the duty to defend and the duty to indemnify. *First Bank of Turley v. Fid. & Deposit Ins. Co. of Md.*, 928 P.2d 298, 302-03 (Okla. 1996). The duty to defend "is separate from, and broader than, the duty to indemnify. . . . An insurer has a duty to defend an insured whenever it ascertains the presence of facts that give rise to ***the potential of liability*** under the policy." *Id.* at 303 (emphasis in original). The duty to defend is "measured and limited by the nature and kinds of risks covered by the policy," meaning that "an insurer does not have a duty to defend if the claims in the underlying action fall within an exclusion from coverage." *Scottsdale Ins. Co. v. Owl Nite Sec., Inc.*, No. 06-CV-0097-CVE-SAJ, 2006 WL 3742102, at *4 (N.D. Okla. Dec. 15, 2006).

The parties have focused much of their attention in their briefing on the question of what sources an insurer may or should consult in determining whether it has a duty to defend in a particular case. World Water insists that, under Oklahoma law, "the general rule is that the existence of a duty to defend is determined by an analysis of the complaint without regard to extrinsic evidence." Plaintiff's Opposition 2. It contends that there is a single, narrow exception to this rule, which is that when the allegations in a complaint do not trigger the duty to defend, the insurer has an obligation to look beyond the complaint to determine whether coverage is possible. *See id.* at 3. But an insurer cannot, in World Water's telling, consider extrinsic evidence in order to ***defeat*** its duty to defend. *See id.* at 4. Continental, in contrast, argues that the duty to defend under Oklahoma law is based on both the allegations in the pleadings and on extrinsic evidence. *See* Continental Casualty Company's Reply Brief in Supp. of Its Mot. for Summ J. and Resp. in Opp'n to World Water Works Holdings, Incorporated's Mot. for Summ. J. 4-5, ECF No. 68.

---

Water's principal place of business is Oklahoma, and the insurance policy was issued and delivered to World Water through an agent in Oklahoma City. *See* Am. Compl. ¶ 3; DSOF ¶ 7.

World Water's position appears questionable in light of the Supreme Court of Oklahoma's pronouncement in *Turley* that "[t]he duty to defend should focus upon the facts ***rather than upon the complaint's allegations***, which may or may not control the ultimate determination of liability." 928 P.2d at 303 n.13 (emphasis added). But this Court need not resolve this disagreement to decide this case. That is because the language of the *Besthoff* complaint by itself makes clear that the suit falls squarely within the scope of the IVI Exclusion.

As a preliminary matter, the parties do not appear to dispute that, absent the existence of the IVI Exclusion, the *Besthoff* action would fall under the insurance policy and thus Continental would have a duty to defend that suit. The IVI Exclusion, however, provides that Continental "shall not be liable to pay any Loss under this Coverage Part in connection with any Claim made against any Insured" that is made "by or on behalf of any Insured in any capacity." The *Besthoff* lawsuit involves a claim made against an insured on behalf of an insured. As noted above, the full title of the suit is *Anthony W. Besthoff, Jr., derivatively and on behalf of World Water Works Holdings, Inc. v. Prashant Mitta, Ravi Reddy, Ravishankar Tumuluri, and World Water Works Holdings, Inc.* The claim was directed against several insureds; both parties agree that World Water was an "Insured Entity" under the policy and that Mitta, Reddy, and Tumuluri were "Insured Persons." Am. Compl. ¶¶ 19-20, ECF No. 35; Answer ¶¶ 19-20, ECF No. 38. In addition, as both the title and the content of the complaint demonstrate, the suit was brought on behalf of World Water. In other words, it is clear from the four corners of the *Besthoff* complaint that the IVI Exclusion applied to remove the case from coverage. Thus, whether or not one considers extrinsic evidence, Continental has met its burden of showing that the exclusion applies.

What World Water is really arguing is not that the IVI Exclusion does not apply, but rather that one of the seven exceptions to the IVI Exclusion ***does*** apply. In particular, World Water points

to the exception that provides that the IVI Exclusion does not apply to any claim "brought derivatively on behalf of the Insured Entity provided that such Claim is brought and maintained solely by persons acting independent of and without the solicitation, assistance, active participation or intervention of the Insured Entity or any Executive (unless such solicitation, assistance, participation or intervention is Whistleblower Activity)." World Water notes that the *Besthoff* lawsuit was brought derivatively on behalf of World Water. It then goes on to argue that "there are no allegations in the Besthoff Complaint that indicate that the Besthoff Complaint is not maintained solely by persons acting independent of and without the solicitation, assistance, active participation or intervention of the Insured Entity or any Executive." Plaintiff's Opposition 5-6. As a result, World Water says, because the *Besthoff* complaint demonstrates that the IVI Exclusion does not apply, Continental has a duty to defend the suit.

What this argument misunderstands is the way in which burdens of proof are allocated in insurance cases. Under Oklahoma law, as is typically the case, the insured has the initial burden of demonstrating that its claim is covered under the policy; once the insured establishes coverage, the insurer then has the burden of showing that a loss falls within an exclusionary clause of the policy. *Boggs v. Great N. Ins. Co.*, 659 F. Supp. 2d 1199, 1204 (N.D. Okla. 2009); *see also* 17A *Couch on Insurance* §§ 254:11-12, Westlaw (3rd ed., updated December 2018). This case involves the further question of which party bears the burden of establishing that an ***exception to an exclusion*** applies. The Supreme Court of Oklahoma does not appear to have provided a definitive answer to this question.

"The duty of a federal court in a diversity suit is to predict what the state's highest court would do if presented with the identical issue." *Taco Bell Corp. v. Cont'l Cas. Co.*, 388 F.3d 1069, 1077 (7th Cir. 2004). When faced with a novel question of state law, federal courts give "great

weight" to the determinations of the state's intermediate appellate courts "absent some indication that the highest court of the state is likely to deviate from those rulings." *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 635 (7th Cir. 2007). Other sources to be consulted include "relevant state precedents, analogous decisions, considered dicta, scholarly works, and any other reliable data tending convincingly to show how the highest court in the state would decide the issue at hand." *Id.* (quoting *McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 663 (3d Cir. 1980)).

It is likely, for at least three reasons, that the Supreme Court of Oklahoma would conclude that the burden of establishing that any of the exceptions to the IVI Exclusion apply falls on World Water in this case. First, the relevant case law from the state's appellate courts suggests that the burden of establishing that an exception to an exclusion in an insurance policy applies falls on the insured. *See Ky. Bluegrass Contracting, LLC v. Cincinnati Ins. Co.*, 363 P.3d 1270, 1278-79 (Okla. Civ. App. 2015) (granting summary judgment in favor of the insurer where the insured "failed to come forth with evidence supporting that burden regarding either of the two exceptions to the Contractual Liability exclusion under the CGL Policy in this case"). Second, this result is in line with the modern trend in such cases, which "place[s] the burden on insureds to prove that an exception to an exclusion applies to restore coverage." 17A *Couch on Insurance* § 254:13. The reasoning behind this rule is that "the exception 'restores' coverage, and the insured bears the ultimate burden of proving coverage." *Amos ex rel. Amos v. Campbell*, 593 N.W.2d 263, 266 (Minn. Ct. App. 1999).

Third, the way in which the particular IVI provision at issue in this case was written reinforces this conclusion. In its briefing, World Water quotes both the general exclusion ***and*** the exception for derivative lawsuits in subparagraph (a) and refers to them jointly as "the IVI Exclusion." *See* Plaintiff's Opposition 4-5. In other words, World Water appears to suggest that

the language regarding derivative lawsuits defines the content of the exclusion itself. This is a misreading of the contract. Again, the policy provides that Continental "shall not be liable to pay any Loss under this Coverage Part in connection with any Claim made against any Insured . . . by or on behalf of any Insured in any capacity provided, however that *this exclusion* shall not apply to" the seven enumerated exceptions. Ex. A, Directors & Officers Liability Coverage Part 1-2, ECF No. 64-1 (emphasis added). The phrase "this exclusion" is significant, because it demonstrates that the exclusion is defined by the words that precede that phrase. That definition of the exclusion is quite broad, as it covers any suit made against any insured, by or on behalf of any insured. The seven exceptions that follow in subparagraphs (a) through (g) limit the *application* of the exclusion, but they do not define the *scope* of the exclusion. They operate to restore coverage, rather than defining the initial exclusion from coverage.[4] Requiring the insured to establish that an exception to the exclusion applies, then, is consistent with Oklahoma's allocation of the burden of proving coverage under the policy to the insured. For all of these reasons, the Court predicts that the Supreme Court of Oklahoma would determine that the burden is on World Water to demonstrate that any of the exceptions to the IVI Exclusion do apply, rather than on Continental to show that they do not apply.

World Water has not met that burden. In arguing that the exception for derivative lawsuits applies, World Water's central contention is effectively that there are no allegations in the *Besthoff* complaint that the suit was ***not*** brought by people acting independently of World Water or any of

---

[4] One can imagine alternate ways in which a similar provision could have been phrased that would have led to a different allocation of the burden. For example, the policy might have stated that the insurer would not be liable for "claims by or on behalf of insureds that are not brought derivatively." There, the language regarding derivative suits would have defined the scope of the exclusion itself. In that situation, as part of the burden of showing that the exclusion applied, it might be within the insurer's burden to show that the claim was not brought derivatively. This, however, is not that case.

its executives. But it has not even attempted to argue that as a matter of fact, the lawsuit was *actually* brought independently. It did not allege that the suit was brought independently in either its amended complaint or its brief on summary judgment, much less adduce any evidence to support such a contention. As a result, World Water has not met its burden to demonstrate that the exception for derivative lawsuits applies. *See AMERCO v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 651 F. App'x 649, 650 (9th Cir. 2016) (affirming the district court's dismissal of the complaint, in a case involving a similar IVI clause, where the complaint did not allege that the plaintiffs in the underlying lawsuit maintained their claims independently). Because World Water has not invoked any other exception, the IVI Exclusion applies.

Other filings in the *Besthoff* case provide further support for this conclusion. Continental has filed a motion asking this Court to take judicial notice of those filings, as well as the complaints in other lawsuits filed by Mark and James Fosshage in New Jersey state and federal courts. *See generally* Continental Casualty Company's Am. Mot. for Judicial Notice, ECF No. 52. World Water argues that this motion should be denied, again on the grounds that neither Continental nor the Court may consider extrinsic evidence "for the purpose of defeating an insurer's duty to defend when the allegations of the complaint trigger an insurer's duty to defend." World Water Works Holdings, Inc.'s Opp'n to Continental Casualty Company's Mot. for Judicial Notice 1, ECF No. 62. As the Court has already concluded, however, the allegations in the *Besthoff* complaint ***do not*** trigger Continental's duty to defend. Under such circumstances, as World Water itself acknowledges, the insurer "**has the duty to look behind the third party's allegations to analyze whether coverage is possible**." *Turley*, 928 P.2d at 303 n.15 (emphasis in original); *see also* Plaintiff's Opposition 3. Both Continental and this Court not only may look beyond the original complaint, but they are required to do so. They may evaluate these filings not for the purpose of

defeating a duty to defend that would otherwise exist, but rather to look beyond the complaint to see whether coverage is possible in a situation where it does not appear that such a duty exists on the face of the complaint.

World Water has not offered any other argument against taking judicial notice of these filings. A court may take judicial notice of a fact if, among other requirements, the fact "is not subject to reasonable dispute." Fed. R. Evid. 201(b). Courts "routinely take judicial notice of the actions of other courts or the contents of filings in other courts." *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016). A court "may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related findings." *Schmude v. Sheahan*, 312 F. Supp. 2d 1047, 1064 (N.D. Ill. 2004) (citation and internal quotation marks omitted). The Court concludes that the existence of the other filings that Continental references is not subject to reasonable dispute. It therefore grants Continental's motion for judicial notice and takes judicial notice of the filings it has attached as exhibits, not to establish the truth of the matters asserted in those documents but rather to establish the fact of their existence.

One of these filings is especially relevant—namely, a document in the *Besthoff* action titled "Brief in Opposition to Defendants' Motion to Dismiss and in Support of Plaintiff's Cross-Motion for Preliminary Injunctive Relief." That brief is accompanied by an affidavit submitted by James Fosshage. In the first paragraph, Fosshage writes: "I make this affidavit in support of the application of Plaintiff, Anthony Besthoff for preliminary declaratory relief." Aff. of Dr. James Fosshage ¶ 1, ECF No. 49-3. Most of the affidavit is dedicated to telling the story of the foundation and evolution of World Water, along with the development of the India Operations. Fosshage expressed his view that unless the New Jersey court granted injunctive relief, the allegedly

conflicted transactions of the *Besthoff* defendants with respect to the India Operations would not cease, and that injunctive relief was "required to prevent irreparable harm to the Company and it's [*sic*] stockholders." *Id.* ¶ 56. Fosshage is a director on the board of World Water and is thus an executive of that company. DSOF ¶ 13; Ex. A, Glossary of Defined Terms 4, ECF No. 64-1 (defining "Executive" under the policy as including "any past, present or future . . . duly elected or appointed director, officer, trustee, governor or Manager of the Insured Entity or Plan"). The existence of the Fosshage affidavit thus confirms that the *Besthoff* lawsuit was ***not*** "brought and maintained solely by persons acting independent of and without the solicitation, assistance, active participation or intervention of the Insured Entity or any Executive," as the derivative-suit exception to the IVI Exclusion requires. To the contrary, James Fosshage, as an executive in the company, assisted and actively participated in the suit.

In summary, the information available on the face of the *Besthoff* complaint indicates that Continental has no duty to defend that suit, as it falls within the IVI Exclusion. World Water has not met its burden to demonstrate that the suit is covered by any exception to that exclusion, including the exception for derivative suits. The other documents of which this Court takes judicial notice buttress the conclusion that this exception does not apply. Continental is therefore entitled to summary judgment on the issue of whether it has a duty to defend the *Besthoff* action.

## II. Duty to Indemnify

Continental has also asked the Court to issue a declaration that it has no duty to indemnify World Water in the *Besthoff* case. World Water responds by contending that the issue of the duty to indemnify is not ripe for adjudication. Citing Seventh Circuit case law, it asserts that the "general rule" in this circuit is that a "request for a declaratory judgment regarding an insurer's duty to indemnify its insured in an underlying lawsuit is not ripe, and hence not justiciable, until the underlying lawsuit has been resolved." Plaintiff's Opposition 9. As of the publication of this

opinion, the underlying *Besthoff* action is still pending in the District of New Jersey and has not yet been resolved. This Court "look[s] to federal law to decide whether a declaratory judgment action is ripe." *Novae Underwriting, Ltd. v. Cunningham Lindsey Claims Mgmt., Inc.*, No. 07 C 5278, 2008 WL 4542988, at *4 (N.D. Ill. Apr. 1, 2008).

There is a critical difference between the present case and all of the cases from this circuit cited by World Water. In none of those previous cases did the court determine that the insurer ***did not*** have a duty to defend as a matter of law. *See Travelers Ins. Cos. v. Penda Corp.*, 974 F.2d 823, 833 (7th Cir. 1992) ("[W]e hold that Travelers has a duty to defend Penda in the underlying action by U.S. Sample."); *United Nat'l Ins. Co. v. Dunbar & Sullivan Dredging Co.*, 953 F.2d 334, 338 (7th Cir. 1992) (holding that "UNIC is obligated to defend Dunbar in the five underlying lawsuits"); *Nationwide Ins. v. Zavalis*, 52 F.3d 689, 693-97 (7th Cir. 1995) (remanding for the district court to address whether the insurer had a duty to defend); *Novae Underwriting*, 2008 WL 4542988 (duty to defend not at issue). Where a court determines that there is no duty to defend, however, it may also declare that there is no duty to indemnify without running into a ripeness problem. *See Houston Gen. Ins. Corp. v. BSM Corp.*, 843 F. Supp. 1264, 1266-67 (N.D. Ill. 1994). The logic behind this rule is that "the duty to indemnify is based on actual policy coverage, while the duty to defend is based more broadly on the policy's potential coverage," meaning that "if a basis for potential coverage is lacking in the underlying complaint, it is impossible to find actual coverage upon final judgment." *Id.* at 1266.

As the Seventh Circuit has explained:

> Courts which conclude that there is no duty to defend will often add that there is no duty to indemnify, given that the former duty is broader than the latter. That may be appropriate when it is clear that the insured cannot be held liable under any theory that could potentially fall within the coverage of the policy. Where such a possibility exists, however (e.g., through amendment of the

14

> complaint in the underlying suit), the prudent thing for the court to
> do is to refrain from comment on the duty to indemnify.

*Zavalis*, 52 F.3d at 693 n.5. In the present case, it is clear that Continental cannot be held liable under any theory that could possibly fall within the coverage of the policy. The Court has already concluded that the underlying *Besthoff* lawsuit falls within the IVI Exclusion to policy coverage. The Court is unable to conceive of any potential amendment to the complaint in the *Besthoff* suit that would change this result or would cause the suit to fall under one of the exceptions to the IVI Exclusion. For this reason, it is "appropriate" to address the issue of the duty to indemnify in this opinion. *See id.*

As previously noted, the duty to defend is broader than the duty to indemnify. *See Turley*, 928 P.2d at 303. Under Oklahoma law, where an insurer has no duty to defend the insured, there is therefore no duty to indemnify. *See State Auto. Prop. & Cas. Ins. Co. v. Midwest Computs. & More*, 147 F. Supp. 2d 1113, 1117 (W.D. Okla. 2001) ("Because the Sprays' allegations do not show asserted liability within the coverage of the policy, plaintiff has no duty to defend its insured and, consequently, would have no duty to indemnify defendant."). Since Continental has no duty to defend the *Besthoff* action, it also has no duty to indemnify. Continental is entitled to summary judgment on this issue.

## III. Bad Faith and Breach of Contract

Finally, there are the two remaining claims in World Water's amended complaint, for bad faith and breach of contract. There are four elements of a bad-faith claim against an insurer under Oklahoma law:

> (1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury.

*Ball v. Wilshire Ins. Co.*, 221 P.3d 717, 724 (Okla. 2009). The "absence of any one of these elements defeats a bad faith claim." *Id.* As the Court has already concluded, Continental has no duty to defend World Water, and thus World Water is not entitled to coverage under the insurance policy. As a result, World Water cannot establish the first element of its bad-faith claim, and so its claim fails.

As for breach of contract, the essence of this claim is that Continental allegedly breached its insurance contract with World Water by refusing to defend the *Besthoff* action. *See* Am. Compl. ¶¶ 30-39. Again, as the Court has already determined, Continental has no such duty to defend that suit. Accordingly, it did not breach the insurance contract by failing to do so. Summary judgment is therefore granted in Continental's favor on the issues of bad faith and breach of contract.

\* \* \*

Because there are no genuine disputes as to any material fact and Continental is entitled to judgment as a matter of law, Continental's motion for summary judgment is granted and judgment will be entered in its favor. Continental's motion for judicial notice is also granted, while World Water's motion for summary judgment is denied. This Court declares that Continental has no duty to defend or indemnify World Water in the *Besthoff* action. This case is dismissed.

Dated: June 24, 2019

John J. Tharp, Jr.
United States District Judge